JOHN V. CONDON, PLAINTIFF IN ERROR, v. MAYOR AND ALDERMEN OF JERSEY CITY, DEFENDANTS IN ERROR.

Where, under the charter of Jersey City, all contracts for work and materials are required to be duly advertised, and awarded to that responsible bidder offering the most advantageous terms to the city, a contract

Condon v. Jersey City.

for the erection of a police-station house was awarded for the sum of §7200, and the contract provided that all alterations or additions should be specified in writing and approved by the committee on public buildings—*Held*, that the contractor could not recover for extra work which was, in effect, additions and alterations, none of such additions and alterations having been specified in writing within the meaning of the contract.

In error to Hudson Circuit.

For the plaintiff in error, *G. Collins.*

For the defendants in error, *A. McDermott.*

The opinion of the court was delivered by

THE CHANCELLOR. The legality of the judgment of nonsuit entered in this case is the matter presented for adjudication. The plaintiff contracted with the defendants to do the mason-work in and for the erection of a police-station house, for $6200. He claims to have done extra work in and about the house, to the amount of over $700, partly for additions to, and alterations in, the work as it progressed, and partly in consequence of mistakes of the architect. The charter of the city provides that no contract for work or materials, by or on account of any board or department of the city government, shall be entered into except after due advertisement, for six days at least, in the official newspapers; and then the contract shall be awarded to that responsible bidder offering the most advantageous terms to the city; except in the case of repairs necessary for the safety or protection of public property, or where public convenience requires that advertisement be dispensed with, or where the amount to be expended shall not exceed $500. *Pamph. L.* 1871, *p.* 1160, § 159. The contract in the case in hand expressly provided that all alterations or additions should be specified in writing and approved by the committee on public buildings. Neither the alterations or additions, which constitute part of the extra work, nor the work alleged to have been done in consequence of mistake on

the part of the architect, were specified in writing. The above-mentioned provision in the contract, as well as that of the charter, was designed for the protection of the city, and they are safeguards which public policy requires should be strictly observed. None of the additions or alterations were specified in writing within the meaning of the contract. There appears, indeed, to have been a plan or drawing of the principal addition and alteration, but that is not a compliance with the provision of the contract. It contemplates not merely a plan showing what the work is to be, but a specification in writing—a definite expression of the understanding as to what the additions or alterations are to be. The extra work rendered necessary by the mistake of the architect was done in one of the alterations.

The judgment of the court below should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DIXON, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, DODD, GREEN.  11.

*For reversal*—None.